UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GREGORY S. HORN | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:13-01321 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court are Petitioner's Motion To Vacate, Set Aside Or Correct Sentence (Docket No. 1), the Government's Response (Docket No. 6), and the Petitioner's Reply (Docket No. 7). For the reasons set forth herein, the Court concludes that the procedural defenses raised by the Government do not bar the Petitioner's Motion To Vacate. On or before June 21, 2014, the parties shall file briefs addressing the merits of the relief requested by the Petitioner.

II. Procedural Background

On June 16, 1998, the Petitioner entered a guilty plea in Maryland state court to one count of armed robbery and one count of attempted robbery in Case No. K-1998-000470; and to one count of armed robbery in Case No. K-1998-000458. (Docket No. 1-1). During the plea colloquy, the state court did not advise the Petitioner that the State was required to prove his guilt beyond a reasonable doubt, and did not describe to him the elements of the crimes charged. (Id.) On September 11, 1998, the Petitioner was sentenced. (Docket No. 1-4, at 9-10). The Petitioner did not file an appeal, though he was advised of his right to do so. (Id.)

In September, 2001, the Petitioner was charged in this district with armed bank robbery, in violation of 18 U.S.C. § 2113(d). (Docket Nos. 1, 8 in Case No. 3:01-00142). On November 19, 2001, the Petitioner pled guilty to that charge, pursuant to a plea agreement, before now-retired Judge Thomas A. Wiseman, Jr. (Docket Nos. 15, 30 in Case No. 3:01-00142). Judge Wiseman subsequently sentenced the Petitioner to 204 months of imprisonment to run concurrently with a sentence being served by the Petitioner in the State of Maryland. (Docket Nos. 29, 31 in Case No. 3:01-00142); United States v. Horn, 355 F.3d 610 (6th Cir. 2004). At the sentencing hearing, Judge Wiseman determined that the Petitioner was a Career Offender, relying on the two Maryland armed robbery convictions. (Id.) The Petitioner appealed that determination, but the Sixth Circuit affirmed. (Docket No. 41 in Case No. 3:01-00142); Horn, supra. The Petitioner's petition for writ of certiorari to the Supreme Court in that case was denied on June 1, 2004. Horn v. United States, 124 S.Ct. 2436 (June 1, 2004).

On May 31, 2005, the Petitioner filed a Motion To Vacate in this district, pursuant to 28 U.S.C. § 2255, alleging that trial counsel was ineffective. (Docket No. 1 in Case No. 3:05-00427). Judge Wiseman considered the claims made by the Petitioner in his Motion, determined that they were without merit, and dismissed the action. (Docket No. 8 in Case No. 3:05-00427). The Sixth Circuit subsequently denied the Petitioner's request for a certificate of appealability. (Docket No. 11 in Case No. 3:05-00427).

On February 19, 2008, the Petitioner filed a Motion For Modification Of Sentence (Docket No. 42 in Case No. 3:01-00142), requesting a reduction in the sentence imposed for his federal bank robbery conviction. The Petitioner based his request for modification on 18 U.S.C.

§ 3582(c) and Amendment 709 to the United States Sentencing Guidelines. (Id.) Judge Wiseman granted the Motion (Docket No. 60 in Case No. 3:01-00142), and on January 7, 2009, re-sentenced the Petitioner to 108 months of imprisonment (Docket Nos. 63, 64 in Case No. 3:01-00142). The Government appealed the reduction in sentence, and the Sixth Circuit reversed and remanded on July 26, 2010 (Docket Nos. 65, 69 in Case No. 3:01-00142). The Supreme Court denied the Petitioner's petition for writ of certiorari on December 6, 2010 (Docket No. 72 in Case No. 3:01-00142). In the meantime, on April 12, 2010, the Petitioner was released from prison and placed on supervised release, as his 108-month sentence had expired. (Docket No. 89 in Case No. 3:01-00142).

On remand, Judge Wiseman reimposed the 108-month sentence on March 22, 2011, and the Government again appealed. (Docket Nos. 81-84 in Case No. 3:01-00142). While the case was on appeal, on December 2, 2011, the Petitioner was charged in Maryland state court with armed bank robbery, and based on that charge, the Probation Office filed a Petition in this district for violation of supervised release conditions. (Docket No. 89 in Case No. 3:01-00142). On March 15, 2012, the Petitioner was indicted in federal district court in Maryland on charges arising out of the armed bank robbery allegations. (Docket No. 1-7).

On May 8, 2012, the Sixth Circuit again reversed and remanded the reduction in Petitioner's sentence. (Docket No. 91 in Case No. 3:01-00142). On August 14, 2012, Judge Wiseman re-sentenced the Petitioner to 204 months of imprisonment, and dismissed the supervised release petition. (Docket No. 95 in Case No. 3:01-00142). The Supreme Court denied Petitioner's petition for writ of certiorari on October 1, 2012. (Docket No. 98 in Case No. 3:01-

3

00142).

On that same day, October 1, 2012, the Maryland legislature adopted a new procedural rule that removed the procedural bar of waiver in coram nobis proceedings for petitioners who failed to appeal their criminal convictions.

On January 7, 2013, the Petitioner entered a guilty plea in Maryland federal district court to conspiracy and armed bank robbery. (Docket No. 1-7).

On May 23, 2013, the Petitioner filed a petition for writ of error coram nobis in Maryland state court challenging the validity of his guilty pleas in 1998. (Docket No. 1-2). By Orders signed on November 1, 2013, the Maryland state court granted the Petitioner's writ, and vacated his prior convictions for armed robbery and attempted armed robbery. (Docket No. 1-3).

On November 22, 2013, the Maryland Federal District Court sentenced the Petitioner to a total term of 216 months, to run concurrently with a portion of the sentence imposed in this district. (Docket No. 1-7). The Petitioner appealed that Judgment. (Id.)

On November 26, 2013, the Petitioner filed this action requesting that the Court vacate his 204-month sentence because it was based on prior convictions in Maryland state court that have since been vacated. (Docket No. 1). The Petitioner argues that in so doing, he is relying on the procedure approved by the Supreme Court in Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005).

In its Response (Docket No. 6) to the Petitioner's Motion, the Government argues that the Motion is barred by the applicable statute of limitations, and alternatively, that the Motion should be construed as a second or successive habeas petition, and as such, should be transferred

4

to the Sixth Circuit.

III. Analysis

A. Statute of Limitations

The Government contends that the Petitioner's Motion is barred by the one-year statute of limitations applicable to actions brought pursuant to 28 U.S.C. § 2255. Subsection (f) of Section 2255 establishes the one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In Johnson v. United States, supra, the Supreme Court addressed the question of how the statute of limitations applies to an action where a petitioner seeks to collaterally attack his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated. The Court initially determined that Subsection (f)(4) applies in such circumstances, and held that the limitations period begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought the order with due diligence

in state court after entry of the enhanced federal sentence. 125 S.Ct. at 298, 302. The Court went on to determine, however, that the petitioner in that case did not exercise due diligence because he waited over three years to challenge his state convictions. Id., at 311.

In this case, the Petitioner contends that he exercised due diligence because he filed his state court coram nobis petition within six months after the Maryland legislature removed the procedural bar of waiver for such petitions. Section 8-401 of the Maryland Code, which became effective on October 1, 2012, provides: "The failure to seek an appeal in a criminal case may not be construed as a waiver of the right to file a petition for writ of error coram nobis." See Graves v. State, 215 Md. App. 339, 81 A.3d 516, 522 (Md. Ct. Spec. App. 2013). Prior to this change in the law, failure to file an appeal after having been advised of the right to do so resulted in the imposition of "a rebuttable presumption" that the defendant waived the right to challenge his conviction in a subsequent coram nobis proceeding. Id.

The Government argues that the Petitioner was not diligent in this case because he waited over 10 years after he was sentenced as a Career Offender to attack his state convictions. The Government contends that the Petitioner could have challenged his conviction under the Maryland Post Conviction Procedure Act, Section 7-101, et seq. during that time. Although the Government concedes that a "rebuttable presumption" is similarly imposed in post conviction proceedings where a defendant has failed to file an appeal, it suggests that obtaining relief is not impossible. To support its argument, the Government cites Curtis v. State, 284 Md. 132, 395 A.2d 464, 469 (1978).

In Curtis, the Maryland Supreme Court held that the presumption of waiver set forth in

6

the Post Conviction Procedure Act could be rebutted by evidence or stipulated facts showing that the petitioner did not intelligently and knowingly fail to previously raise an issue. Thus, in order to rebut the waiver provision in a post conviction proceeding, the Petitioner would have been required to show that he did not intelligently and knowingly fail to appeal his Maryland state court convictions after the state court advised him of his right to do so.

The Government has not suggested the circumstances on which the Petitioner could have relied in attempting to rebut the presumption of waiver. The record indicates that the Petitioner was clearly and specifically advised of his right to file an appeal by the Maryland state court, but he subsequently failed to take advantage of that right. (Docket No. 1-4, at 10 of 11). See, e.g., McElroy v. State, 329 Md. 136, 617 A.2d 1068 (1992)(Petitioners, who had been advised of their right to appeal guilty plea convictions and offered no explanation for their failure to file an appeal, were held to have failed to rebut the presumption of waiver). There is no suggestion that the Petitioner was incompetent or otherwise unable to understand his appeal rights. Thus, it is highly unlikely that the Petitioner would have been able to avoid the imposition of waiver in any post conviction proceeding. Raising such an argument likely would have been futile, and the Court is not persuaded that "due diligence" requires a petitioner to file actions that have little or no likelihood of success.

Accordingly, the Court concludes that the Petitioner's Section 2255 Motion is not barred by the statute of limitations.

B. Second or Successive Petition

The Government alternatively argues that the Petitioner's Motion should be denied or referred to the Sixth Circuit Court of Appeals as a second or successive petition. Under 28 U.S.C. §§ 2244(b)(3) and 2255(h), federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request. 28 U.S.C. § 2244; In re: Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Although the Petitioner acknowledges that he filed a Section 2255 proceeding in 2005, he argues that the pending Section 2255 Motion is not "second or successive" within the meaning of the statute because the claim he raises now could not have been raised in the earlier action.

The Supreme Court has made clear that not all second-in-time habeas applications are considered "second or successive" under the statute. Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010). The Court has recognized exceptions for second applications raising claims that would have been unripe in an earlier petition, or for those filed after the petitioner concludes a direct appeal that was ordered in response to an earlier petition. Storey v. Vasbinder, 657 F.3d 372, 376-77 (6th Cir. 2011).

The Tenth and Eleventh Circuits have also recognized exceptions for petitioners in the same position as the Petitioner here. See In re: Weathersby, 717 F.3d 1108 (10th Cir. 2013); Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). In those cases, the courts determined that a Section 2255 petition filed by a prisoner who, after the conclusion of his first Section 2255 motion, successfully attacked the state convictions that were used to enhance his federal sentence, is not "second or successive" and does not require prior authorization for filing.

The Government argues that the Petitioner could have brought this claim in his first Section 2255 petition if he had more diligently sought to vacate his state convictions. As discussed above, however, Maryland's waiver rules would have made such relief unlikely.

Accordingly, the Court concludes that the Petitioner's pending Section 2255 Motion should not be considered "second or successive," and therefore, does not requiring prior authorization by the Sixth Circuit in order to proceed.

IV. Conclusion

Having determined that the procedural defenses raised in the Government's Response do not bar the Petitioner's Motion To Vacate, the Court directs the parties to file briefs, on or before June 21, 2014, addressing the merits of the relief requested by the Petitioner.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE